UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT HAMPTON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-182 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

The petitioner, Robert Hampton, (#760987), seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary case in which he was found guilty. In his application, petitioner states that he did not lose good time credit as punishment for the disciplinary infraction, nor is he eligible for release on mandatory supervision. Having carefully reviewed petitioner's application, this court concludes that the application must be dismissed for reasons stated below.

Petitioner was charged in disciplinary case # 20090184463 with trafficking and trading, and was found guilty of the charge at the disciplinary hearing conducted on March 15, 2009. Punishment for the offense included forfeiture of $710.00; forty-five days loss of commissary and recreation privileges; and a reduction in time-earning class status from S-3 to S-4. Petitioner challenged the findings of the disciplinary committee by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful. Petitioner now seeks a federal writ of habeas corpus to challenge his disciplinary conviction.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary

proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolf v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 537; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). The petitioner's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause.

In the context of disciplinary proceedings, habeas corpus procedures are appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d

166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). A temporary loss of commissary and recreation privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison,* 104 F.3d at 767-68. A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief because the subsequent, possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that a reduction in a petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* Because the above-referenced sanctions do not implicate a protected liberty interest, petitioner is not entitled to habeas corpus relief from punishment related to disciplinary case no. 20090184463.

Moreover, petitioner would not be eligible for federal habeas relief even if he *had* suffered a loss of good time (which could result in the denial of a liberty interest in early release from prison). Early release on mandatory supervision is arguably a liberty interest in the State of Texas. *See Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997). Petitioner acknowledges that he is ineligible for release on mandatory supervision; thus, the loss of good time would serve only to affect petitioner's possible release on parole. The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the State of Texas. *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits in petitioner's case would not affect a constitutionally protected

right, but only the "mere hope" of release on parole.  This hope is not protected by due process.  *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 11 (1979); *accord, Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

Accordingly, for the foregoing reasons, it is the **ORDER** of this Court that this case is **DISMISSED** with prejudice for failure to state a claim upon which federal habeas relief is available.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1).  This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners."  When considering a request a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *Id.* at 325.  Because petitioner has not made the necessary showing, this court will not issue a COA.

Petitioner's application to proceed *in forma pauperis* (Doc. #3) is **GRANTED.**

SIGNED at Houston, Texas this 15th day of June, 2010.

_____

Kenneth M. Hoyt
United States District Judge